IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

LUIS GONZALEZ-MARTINEZ,

       Petitioner,

v.                                  Case No. 1:19-cv-00148

WARDEN, FCI McDowell,

       Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).   This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.    Petitioner's conviction and direct appeal.

On July 2, 2018, Petitioner plead guilty, pursuant to a written plea agreement, in the United States District Court for the Southern District of Texas to one count of possession with intent to distribute 100 kilogram or more (approximately 158 kilograms) of a mixture or substance containing a detectable amount of marijuana.   *United States v. Gonzalez-Martinez*, No. 7:18-cr-00138-3 (S.D. Tex.), ECF Nos. 37, 61.   On September 10, 2018, Petitioner was sentenced to 60 months in prison, followed by a four-year term

of supervised release.  *Id.*, ECF No. 93.  His Judgment was entered on October 10, 2018.

*Id.*, ECF No. 100.  It appears that Petitioner did not file a direct appeal or a timely motion

to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

### B.    The instant § 2241 petition.

On March 4, 2019, Petitioner filed the instant § 2241 petition (ECF No. 1) in this

court challenging a sentencing enhancement based upon a prior state court conviction

under the Supreme Court's decisions in *Descamps v. United States,* 133 S. Ct. 2276

(2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Fifth Circuit's decision in

*United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016).  Specifically, Petitioner contends

that his prior Texas conviction for "deadly conduct – firearm" (for which he does not

identify the applicable statute number)[1] does not qualify as a "crime of violence" to serve

as a predicate offense for the career offender enhancement under sections 4B1.1 and 4B1.2

of the United States Sentencing Guidelines ("USSG").  (*Id.* at 2-4).  Petitioner asserts

that the Texas statute under which he was convicted is "divisible" and includes conduct

that is broader than the guideline definition of a "crime of violence."  (*Id.*)[2]  Petitioner

---

[1]  A review of Texas statutes suggests that "deadly conduct" (which can include the felony of knowingly discharging a firearm at or in the direction of a person or a habitation, building, or vehicle) is a lesser-included offense of aggravated assault.  *See* TEX. PENAL CODE ANN.§ 22.05 (West 1994); *See Bell v. State*, 693 S.W.2d 434, 438–39 (Tex. Crim. App. 1985) (deadly conduct is, as a matter of law, a lesser-included offense of aggravated assault by use of a deadly weapon); S*afian v. State*, 543 S.W.3d 216, 217 (Tex. Crim. App. 2018) (deadly conduct, as a matter of law, is a lesser-included offense of the charged offense of aggravated assault by threat of use of a deadly weapon).  This appears to be the statute under which Petitioner was previously convicted.  Petitioner's Presentence Investigation Report ("PSR"), which could confirm the statutory basis of Petitioner's prior conviction, is not publicly available and the undersigned has determined that it is unnecessary to obtain access to the same, as Petitioner cannot otherwise meet the savings clause criteria for review of the merits of his claim under § 2241.

[2]  At the time of his conviction and sentencing, USSG § 4B1.2(a) defined a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2)  is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)."

seeks resentencing without the career offender enhancement and attempts to use the savings clause contained in 28 U.S.C. § 2255(e) to raise his claim for relief in a petition brought under 28 U.S.C. § 2241.   (*Id.*)

**ANALYSIS**

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed.   Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in his sentencing court which, in this case, is the United States District Court for the Eastern District of Texas.   Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention.   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").   *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

This section is known as the "savings clause."  The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention.   *Id.* at 332.   Thus, the fact that Petitioner did not file a timely § 2255 motion in his sentencing court, standing alone, will not permit review under § 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under § 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).   In interpreting the phrase "this circuit," the Fourth Circuit has held that it is the law of Petitioner's circuit of conviction and sentencing that controls the substantive determinations. Here, Petitioner was convicted within the Fifth Circuit; thus, Fifth Circuit substantive law controls.   *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was

convicted.")   As further addressed below, Petitioner cannot meet the *Wheeler* criteria for several reasons.

Petitioner suggests that the decisions in *Descamps* and *Mathis*[3] represent a change in substantive law and that § 2255 is inadequate or ineffective to test the legality of his detention thereunder and, thus, he should be able to use the savings clause to bring his sentencing challenge under § 2241.   Additionally, Petitioner cites to *Hinkle*, a direct appeal in which the Fifth Circuit, relying on *Mathis*, concluded that a prior Texas controlled substance offense was broader than the definition of a controlled substance offense contained in the career offender guideline and, thus, vacated the sentence and remanded for resentencing without the career offender enhancement.

Based upon these decision*s*, Petitioner contends that the Texas statute under which he was previously convicted of "deadly conduct- firearm" is "divisible" and contains elements that are broader than the "crime of violence" definition in the career offender guideline.   *See* USSG § 4B1.2(a).   However, even presuming that his prior offense is not a crime of violence under the guideline, Petitioner cannot meet the savings clause criteria to have the merits of his claim addressed by this court.

Neither the Supreme Court nor the Fifth Circuit have declared *Descamps* or *Mathis* to be new substantive rules of law that are retroactively applicable on collateral review.   *Mathis*, 136 S. Ct. at 2257 (noting that decision was dictated by decades of prior precedent); *In re Lott*, 838 F. 3d 522, 523 (5th Cir. 2016) (indicating *Mathis* is not

---

3  In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act. The Supreme Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law.

retroactively applicable to cases on collateral review because it did not announce a new rule of constitutional law); *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) (*Descamps* is not retroactive on collateral review); *Garrett v. United States*, No. 9:17-cv-1, 2019 WL 7843018, at *3 (E.D. Tex. Nov. 25, 2019), r*eport and recommendation adopted*, 2020 WL 569813 (E.D. Tex. Feb. 4, 2020) (*Mathis* is not retroactive on collateral review). Accordingly, Petitioner cannot meet the second prong of the *Wheeler* test based upon these decisions.

Moreover, because Petitioner was sentenced under advisory guidelines, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentencing relief under the savings clause is unavailable to him.   *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018) (holding that erroneous application of a post-*Booker* advisory guideline provision is not a fundamental defect or miscarriage of justice).   Thus, although subject to the benefit of the *Wheeler* standard because he is incarcerated within the Fourth Circuit,[4] Petitioner cannot satisfy the fourth *Wheeler* prong.   Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot satisfy the *Wheeler* criteria for review of his claims under the savings clause.

---

4   The Fifth Circuit does not permit sentencing challenges under the savings clause.   *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (the Fifth Circuit has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, therefore, is not the type of claim that warrants review under § 2241).;*Kelley v. Castaneda*, 711 F. App'x 243 (5th Cir. 2018) ("We have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255); *Logan v. Warden Fed. Corr. Complex Beaumont*, 644 F. App'x 280 (5th Cir. 2016) (*per curiam*) (claim that challenges only the validity of a sentence fails to establish Petitioner was convicted of a non-existent offense); *Wyatt v. Chapa*, No. EP-15-cv-28-PRM, 2015 WL 869134, at *3 (W.D. Tex. Feb. 27, 2015) ("The Fifth Circuit has . . . disallowed federal prisoners from pursuing relief under the savings clause when they challenge only their status as career offenders, reasoning that the savings clause is available only to prisoners asserting actual innocence (i.e., that they were convicted of a nonexistent crime).").

For these reasons, the undersigned further proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241.   Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claims contained in his section 2241 petition.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

October 14, 2021

Dwane L. Tinsley
United States Magistrate Judge